UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Civil Action No.

------------------------------------------------------------------------X

KEVIN ROSADO,

**COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES,
VOLUNTEERS OF AMERICA-GREATER NEW YORK,
SCHWARTZ NEXT STEP EMPLOYMENT SHELTER,
THE NEW YORK CITY DEPARTMENT OF SERVICES
POLICE DEPARTMENT, POLICE OFFICER CHERYL
DIAZ, SERGEANT ROBINSON  (FIRST NAME
PRESENTLY UNKNOWN) and JOHN DOE DEFENDANT
OFFICERS AND SUPERVISORS,

Defendants.

------------------------------------------------------------------------X

Plaintiff, by his attorneys, Bader Yakaitis & Nonnenmacher, LLP complaining of the

Defendants, respectfully sets forth and alleges as follows:

PRELIMINARY STATEMENT

1.      This is a Civil Rights action in which the Plaintiff seeks relief for Defendants'

violation, under color of state law, of his rights, privileges and immunities secured by The Civil

Rights Act of 1871, 42 U.S.C. Sections 1983 and 1985, the First, Fourth, Fifth, Eighth and

Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the

State of New York.

2.      The Plaintiff, Kevin Rosado, brings this action under 42 U.S.C. Sections 1983 and

1985 and related state laws seeking compensatory and punitive damages and attorney's fees under

42 U.S.C. Section 1988 for the Defendants' violation of his rights afforded by the United States and

New York Constitution and under the laws of The State of New York.

3.      Defendants, The City of New York, The New York City Department of Homeless

Services, Volunteers of America – Greater New York, Schwartz Next Step Employment Shelter

The New York City Department of Homeless Services Police Department, the individually named Defendants and John Doe Defendants, the exact number which is unknown at this time, acting individually and in their official capacities, jointly and severally, did cause plaintiff Kevin Rosado, to be assaulted and battered during an arrest.

4.     The individually named Defendants and the "John Doe" Defendants being employees of the City of New York and/or The New York City Department of Homeless Services violated Plaintiff's Civil Rights, caused him serious personal injuries, emotional harm and deprived him of his liberty.

5.     The incident occurred on October 24, 2014 within a shelter located within 1 Schwartz Building Wards Island, New York and more particularly within the kitchen area.

6.     While in this shelter, the plaintiff was assaulted and battered and subject to the use of excessive force by Police Officer Cheryl Diaz and Sergeant Robinson (first name presently unknown).

7.     Plaintiff seeks compensatory and punitive damages. Plaintiff also seeks an award of attorney fees and costs, and for such other and further relief as the court deems just and proper.

<u>JURISDICTION</u>

8.     The Court has jurisdiction over plaintiff's claims under 42 U.S.C. Sections 1983 and 1985 pursuant to 28 U.S.C. Section 1331 and Section 1342(3).

9.     The jurisdiction of this Court is invoked pursuant to the provisions of Title 28, United States Code Section 1343(3) and (4), this being a suit in equity which is authorized by law, Title 42, United States Code, Sec. 1983, being brought to redress the deprivation under color of state law, statute, ordinances, regulations, custom or usage of rights, privileges, and immunities secured by the Constitution and laws of the United States or by any Act of Congress providing for equal rights of citizens.  The rights here sought to be redressed are rights guaranteed by the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the

2

United States and Title 42, United States Code, Sections 1981, 1983 and 1985 as hereinafter more fully appears and The Constitution of the State of New York.

10.     This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Section 1367.

PRE CONDITIONS TO PLAINTIFF'S STATE LAW CLAIMS

11.     A notice of claim was filed on November 18, 2014 by the plaintiff with respect to his causes of action which occurred on October 24, 2014 setting forth the time when, the place where and the manner in which this incident occurred.

12.     On September 11, 2015 plaintiff appeared and testified at a statutory hearing in compliance with General Municipal Law Section 50-h.

13.     More than thirty (30) days have elapsed since the presentation of these claims and the Defendants have not requested a physical examination of the Plaintiff pursuant to General Municipal Law Section 50H, the same having been waived by the Defendants.

14.     This action is being commenced within the time limitations set forth in all applicable Federal and State Law Statutes.

VENUE

15.     Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. Section 1391(b)(2), in that this is the judicial district in which the events giving rise to this claim occurred.

JURY DEMAND

16.     Plaintiff demands a trial by jury in this action on each and every one of his claims pursuant to the Seventh Amendment to The United States Constitution and Fed. R. Civ. P. 38.

PARTIES

17.     Plaintiff, Kevin Rosado was at all times relevant herein a resident of the State of New York and resides at 525 Beach 65th Street, Far Rockaway, NY.

18.     Defendant The City of New York is a Municipal Corporation created and authorized under the laws of the State of New York.

19.     The City of New York is authorized by law to maintain homeless shelters.

20.     The City of New York is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

21.     That on October 24, 2014, the defendant, **THE CITY OF NEW YORK** owned a building or premises known as 1 Schwartz Building on Wards Island, New York, NY.

22.     That on October 24, 2014, the defendant, **THE CITY OF NEW YORK** owned a facility known as Schwartz Next Step Employment Program located at 1 Schwartz Building on Wards Island, NY, NY.

23.     That on October 24, 2014, the defendant, **THE CITY OF NEW YORK** operated the aforesaid premises/facility.

24.     That on October 24, 2014, the defendant, **THE CITY OF NEW YORK** managed the aforesaid premises/facility.

25.     That on October 24, 2014, the defendant, **THE CITY OF NEW YORK** controlled the aforesaid premises.

26.     That prior to and including October 24, 2014 The City of New York assigned police officers to this shelter.

27.     That at all times hereinafter mentioned, the defendant, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES** was and still is a municipal corporation organized and existing under the laws of the State of New York.

28.     The New York City Department of Homeless Services is authorized by law to maintain homeless shelters.

29.     The New York City Department of Homeless Services is authorized by law to maintain a police department which acts as it's agent in the area of law enforcement for which it

and The City of New York are ultimately responsible for.

30.     The New York City Department of Homeless Services Police Department is an Agency and/or department of The City of New York and/or The New York City Department of Homeless Services.

31.     That on October 24, 2014, the defendant, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES** owned a building or premises known as 1 Schwartz Building, Wards Island, New York, NY.

32.     That on October 24, 2014, the defendant, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES** owned a facility known as Schwartz Next Step Employment Program located at 1 Schwartz Building Wards Island, New York, NY.

33.     That there is imposed upon the defendant, by law, the duty of maintaining its buildings and/or premises and its appurtenances thereon in a safe condition.  This duty includes the provision of security in light of foreseeable criminal activity.

34.     That on October 24, 2014, the defendant, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES** operated the aforesaid premises/facility.

35.     That on October 24, 2014, the defendant, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES** managed the aforesaid premises/facility.

36.     That on October 24, 2014, the defendant, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES** controlled the aforesaid premises.

37.     Volunteers of America is a non-profit organization.

38.     Volunteers of America Greater New York operates shelters for adults.

39.     Volunteers of America Greater New York has the address 340 West 85th Street,

New York, N.Y. as its primary place of business.

40.     Volunteers of America Greater New York operated a homeless shelter at 1 Schwartz Building, Wards Island, New York.

41.     Volunteers of America Greater New York manages The Schwartz Employment Shelter.

42.     Volunteers of America Greater New York is an agency and/or department of the City of New York and/or The New York City Department of Homeless Services.

43.     That on October 24, 2014 Volunteers of America owned the shelter located at 1 Schwartz Building, Wards Island, New York, New York.

44.     That on October 24, 2014 Volunteers of America operated, managed and controlled this shelter.

45.     At all times hereinafter mentioned, Schwartz Next Stop Employment was an agency or department of the City of New York and/or The New York City Department of Homeless Services.

46.     Schwartz Next Step Employment Shelter has the address 1 Schwartz Building, Wards Island, New York, New York as its primary place of business.

47.     Schwartz Next Step Employment Shelter provides services to individuals who are homeless.

48.     At all times hereinafter mentioned, Schwartz Next Stop Employment owned the homeless shelter located at 1 Schwartz Building, Wards Island, New York, New York.

49.     Schwartz Next Step Employment Shelter operated a homeless shelter at 1 Schwartz Building, Wards Island, New York, NY.

50.     That on October 24, 2014 Schwartz Next Step Employment Shelter operated, managed and controlled this shelter.

51.     Schwartz Next Step Employment Shelter provided services at a shelter located at 1 Schwartz Building, Wards Island, New York, NY.

52.      That there is imposed upon the defendants, by law, the duty of maintaining its shelters in a safe condition.  This duty includes the provision of security in light of foreseeable criminal activity.

53.     That at all times hereinafter mentioned, the defendant, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES POLICE DEPARTMENT** was and still is a municipal corporation organized and existing under the laws of the State of New York.

54.     That on October 24, 2014, the defendant, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES POLICE DEPARTMENT** provided police officers at the building or premises known as 1 Schwartz Building on Wards Island, New York, NY.

55.     That on October 24, 2014, the defendant, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES POLICE DEPARTMENT** provided police officers at the facility known as Schwartz Next Step Employment Program located at 1 Schwartz Building on Wards Island, New York, NY.

56.     That on October 24, 2014, the defendant, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES POLICE DEPARTMENT** managed the police officers at the aforesaid premises/facility.

57.     That on October 24, 2014, the defendant, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES POLICE DEPARTMENT** controlled the police officers at the aforesaid premises.

58.     On October 24, 2014, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES POLICE DEPARTMENT** employed **POLICE OFFICER CHERYL DIAZ AND SERGEANT ROBINSON** who were agents, servants and/or employees of **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES POLICE DEPARTMENT**.

59.     On October 24, 2014, the **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES POLICE DEPARTMENT** was responsible for the actions of **POLICE OFFICER CHERYL DIAZ AND SERGEANT ROBINSON**.

60.     **POLICE OFFICER CHERYL DIAZ AND SERGEANT ROBINSON** were acting as agents, servants and/or employees of **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES POLICE DEPARTMENT**.

61.     **POLICE OFFICER CHERYL DIAZ AND SERGEANT ROBINSON** of **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES POLICE DEPARTMENT** were acting within the course and scope of their employment on October 24, 2014.

62.     Defendant, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES POLICE DEPARTMENT** is liable for the aforesaid actions of the named police officers.

63.     On October 24, 2014 the City of New York employed the aforementioned individually named defendants and John Doe police officers who were agents, servants and/or

employees of the City of New York and/or the New York City Department of Homeless Services.

64.     The individually named Defendants and yet to be named John Doe Defendants were at all times mentioned acting under color of state law, to wit, under color of the statutes, ordinances, customs, policies and/or practices of the State of New York and/or the City of New York.

65.     These Defendants were also acting within the scope of and in furtherance of their employment with the City of New York and The New York City Department of Homeless Services.

66.     That at all times relevant herein, each of the individually named Defendants and the yet to be named John Doe Defendants acted under color of law in the course and scope of his or her duties and functions as an agent, employee, servant and/or officer of The City of New York and/or The New York City Department Of Homeless Services in engaging in the conduct described herein.

67.     At all times relevant herein, the individually named Defendants and the yet to be named John Doe Defendants acted for and on behalf of The City of New York and/or The New York City Department Of Homeless Services, and incidental to the lawful pursuit of their duties as officers, agents, employees and/or servants of The City of New York and/or New York City Department of Homeless Services.

68.     At all times relevant herein, the individually named Defendants violated clearly established constitutional standards under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of which a reasonable police officer and/or public official under his or her respective circumstances would have known to be so violative.

STATEMENT OF FACTS

69.     At all times hereinafter mentioned, the plaintiff was an Hispanic male.

70.     On the day of this incident, the plaintiff was residing at a shelter known as The Schwartz Next Employment Program located at 1 Schwartz Building, Wards Island, County, City and State of New York.

71.     Just prior to the happening of this event, the plaintiff was in the kitchen waiting on

line for food.

72.    While the plaintiff stood first in line, the kitchen worker who is believed to be African American, distributed food only to African Americans.

73.    During this time the kitchen worker ignored the plaintiff who was first in line.

74.    After being ignored for more than thirty minutes, the plaintiff said something to the kitchen worker and a brief argument ensued between the kitchen worker and the plaintiff.

75.    Out of complete frustration, the plaintiff threw his empty tray on to the floor and walked out of the kitchen.

76.    It was plaintiff's intention at that time to leave the shelter

77.    As the plaintiff was leaving the kitchen to go outside, he was approached by Officer Cheryl Diaz.

78.    Officer Cheryl Diaz angrily asked to see the plaintiff's meal ticket.

79.    The plaintiff did not have a meal ticket and told this to Officer Diaz.

80.    Officer Diaz responded angrily and then placed herself in front of the plaintiff and told him he could not leave the shelter.

81.    Officer Diaz then repeatedly asked the plaintiff for a meal ticket that he did not have.

82.    As this was going on Sergeant Robinson arrived and told the plaintiff in an antagonizing and threatening manner that he would help him, "he was going to solve his problem."

83.    The plaintiff then told Sergeant Robinson that he did not need his help and that he wanted to leave.

84.    Sergeant Robinson repeatedly told the plaintiff in an antagonizing and threatening manner that he wanted to help him and plaintiff repeatedly declined his offer.

85.    Sergeant Robinson then threatened to use force against the plaintiff if the plaintiff continued to decline his request for help, that is "to help his problem."

86.   Sergeant Robinson then pushed the plaintiff, then punched him in the face and then threw the plaintiff on the ground.

87.   As plaintiff was attempting to protect himself, both Officer Robinson and Officer Diaz began to strike the plaintiff with their batons.

88.   When plaintiff fell to the floor, both officers began kicking the plaintiff and continued to beat him with their batons.

89    According to a video recording of this incident, Officer Robinson struck the plaintiff 17 times with his baton, kicked him once while he was on the floor and hit him 2 more times with the baton.

90.   According to the same video, Officer Cheryl Diaz struck the plaintiff with her baton approximately seven times in his back and legs.

91.   As this was going on, there were at least three other officers just standing there.

92.   These three officers (names unknown) failed to intervene.

93.   The plaintiff was then aggressively and violently handcuffed as he laid on the ground in a pool of blood.

94.   The plaintiff was then picked up by the handcuffs and, although he was visibly injured and bleeding, was thrown against a wall.

95.   The plaintiff was then dragged to a private office.

96.   As soon as he was placed in this room he asked for medical attention.

97.   The police then left him sitting there, still bleeding, for about an hour.

98.   Defendants delayed getting the plaintiff any medical attention.

99.   After an hour an ambulance was called and came to the shelter.

100   Prior to leaving the shelter, the plaintiff was then given a ticket for bad conduct.

101   At no time prior to encountering Officer Cheryl Diaz had plaintiff committed a crime.

11

102.   Police Officer Cheryl Diaz lacked probable cause to believe that the plaintiff committed a crime.

103.   At no time prior to encountering Sergeant Robinson had plaintiff committed a crime

104.   Police Officer Diaz and Sergeant Robinson lacked probable cause to believe that the plaintiff committed a crime

105.   The ambulance then took plaintiff to Metropolitan Hospital.

106.   The plaintiff eventually walked back to the shelter.

107.   Once at the shelter, he returned to his room.

108.   The next day the plaintiff was taken by ambulance to Harlem Hospital where he was examined, x-rayed, cleaned up, medicated and told to seek a doctor.

109.   Plaintiff then returned to the shelter where he remained for one to two weeks before being transferred to a shelter in the Bronx.

110.   As a result of being beaten by Officer Diaz and Officer Robinson, the plaintiff suffered very serious and permanent injuries including a fractured skull.

111.   As a result of this incident plaintiff was a victim of police brutality.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>
<u>FOR FALSE ARREST AND FALSE IMPRISONMENT</u>

112.   Plaintiff repeats each and every allegation contained within the preceding paragraphs as if reiterated herein.

113.   Police Officer Diaz and Police Officer Robinson lacked probable cause to detain the plaintiff.

114.   Plaintiff was conscious of his confinement.

115.   Police Officer Diaz and Police Officer Robinson lacked the authority to prevent the plaintiff from leaving the shelter.

116.    These police officers wrongfully detained the plaintiff in violation of his 4th Amendment right to be free from unreasonable seizures.

## AS AND FOR A SECOND CAUSE
## OF ACTION FOR ASSAULT

117.    Plaintiff repeats and reiterates all of the allegations contained in the preceding paragraphs as if fully set forth herein.

118.    On October 24, 2014 in the course of being arrested, the plaintiff was assaulted by the aforementioned agents, servants, and/or employees of the defendants The City of New York and The New York City Department of Homeless Services Police Department.

119.    During the course of this arrest the plaintiff was subjected to the use of excessive force.

120.    During the course of this arrest, the named police officers intentionally placed the plaintiff in apprehension of imminent harm and offensive contact.

121.    During the course of this unlawful arrest the plaintiff was the victim of police brutality.

122.    During the course of his arrest, the aforementioned police officers intentionally caused the plaintiff to become concerned that they were about to cause him harm and that they were about to subject him to offensive contact.

123.    The aforementioned officers had the real and/or apparent ability to bring about that harm and contact.

124.    The plaintiff reasonably believed that harm and contact was about to occur.

125.    By reason of the aforementioned, the plaintiff suffered physical harm, great mental

13

anguish and was deprived of his constitutional rights.

<u>AS AND FOR A THIRD CAUSE</u>
<u>OF ACTION FOR BATTERY</u>

126.   Plaintiff repeats and reiterates all of the allegations contained in the preceding paragraphs as if fully set forth herein.

127.   On October 24, 2014 in the course of being arrested, the plaintiff was battered by the aforementioned police officers who were employed by The City of New York and The New York City Department of Homeless Services Police Department.

128.   During the course of his arrest, the aforementioned police officers intentionally made contact with the plaintiff without his consent, and caused him offensive bodily contact.

129.   During the course of his arrest, the aforementioned police officers used excessive force against him.

130.   A reasonable person would conclude that the contact was offensive, it was done with the intent to harm the plaintiff and the contact offends a reasonable sense of personal dignity and/or was wrongful.

131.   Defendants use of force was not justified and was done willfully and maliciously.

132   Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights.

133.   The plaintiff was the victim of police brutality.

134.   Said use of force deprived plaintiff of the constitutional right to bodily security and liberty under the Fourth and Fourteenth Amendments to the United States Constitution and amounted to an unreasonable physical seizure of plaintiff under the Fourth Amendment to the

United States Constitution and constituted cruel and unusual treatment under the Eight Amendment to the United States Constitution.

135.   By reason of the aforementioned, the plaintiff suffered physical damages, suffered great mental anguish and was deprived of his constitutional rights.

AS AND FOR A FOURTH CAUSE OF ACTION<br>FOR VIOLATION OF CIVIL RIGHTS

136.   Plaintiff repeats each and every allegation contained in the preceding paragraphs as if fully set forth herein.

137.   The aforesaid officers of the defendants were acting as agents, servants and/or employees of The City of New York and/or The New York City Department of homeless Services Police Department.

138.   The aforesaid officers were acting within the course and scope of their employment.

139.   The aforementioned acts of each of the defendants were under color of statutes, ordinances, regulations, custom and usage of the State of New York.

140.   The aforementioned acts of each of the defendants deprived plaintiff of the privileges and immunities guaranteed to plaintiff as a citizen of the United States, by amendments IV, V, VII and Section I of amendment XIV of the Constitution of the United States and by the Constitution of the State of New York.

141.   As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to him under the Constitution and laws of The State of New York and The United States, including, but not limited to his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C Section 1983.

142.   The aforementioned acts of the defendants constituted cruel and unusual punishment of plaintiff and as such violated the 8th and 14th amendments to the Constitution of the United States and of the State of New York.

143.    By reason of the foregoing, the named defendants are liable to plaintiff pursuant to Title 42 of the United States Code, including but not limited to Sections 1981, 1983 and 1985 thereof.

144.    By reason of the aforementioned the plaintiff suffered physical damages, suffered great mental anguish and was deprived of his constitutional rights.

AS AND FOR A FIFTH CAUSE OF ACTION
FOR VIOLATION OF THE FOURTEENTH
AMENDMENT TO THE UNITED STATES CONSTITUTION

145.    Plaintiff repeats each and every allegation contained in the preceding paragraphs as if fully set forth herein.

146.    As a result of being assaulted and battered the plaintiff suffered very serious injuries.

147.    Plaintiff's injuries were open and obvious.

148.    A reasonable police officer observing plaintiff's injuries would have called for medical assistance immediately.

149.    The police officers involved including Police Officer Diaz and Sergeant Robison delayed getting plaintiff medical assistance.

150.    This failure violated plaintiff's rights under the 14th Amendment of the United States Constitution.

AS AND FOR A SIXTH CAUSE OF ACTION
FOR VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

151.    Plaintiff repeats each and every allegation contained in the preceding paragraphs as if fully set forth herein.

152.    All of the acts and omissions by the named individual police officers described were carried out pursuant to overlapping policies and practices of The City of New York and The New

York City Department of Homeless Services Police Department which were in existence at the time

of the conduct alleged herein and were engaged in with the full knowledge, consent, and

cooperation and under the supervisory authority of The City of New York and The New York City

Department Of Homeless Services.

153.    Defendant The City of New York and The New York City Department of Homeless

Services Police Department by their policy-making agents, servants and employees, authorized,

sanctioned and/or ratified the individual police defendants' wrongful acts; and/or failed to prevent

or stop those acts; and/or allowed or encouraged those acts to continue.

154.    The actions of the individual police officers resulted from and were taken pursuant

to the following de facto policies and/or well settled and widespread customs and practices of The

City of New York and The New York City Department of Homeless Services Police Department,

which were and are implemented by members of its police department:

(a)    Members encouraged and/or allowed by their supervisors to physically brutalize
suspects and arrestees without consequence – i.e. without fear of reprimand,
discipline or even re-training by the Department;

(b)    New York City Police Officers, and The New York City Department of Homeless
Services Police Department engage in systemic and ubiquitous perjury, both oral
and written, to cover-up constitutional and state law violations committed against
civilians by either themselves or their fellow officers, supervisors and/or
subordinates.  They did so and do so with the knowledge and approval of their
supervisors, commanders and Police Commissioners who all:

(i)    tacitly accept and encourage a code of silence wherein police officers
refused to report other officers misconduct or tell false and incomplete
stories designed to cover for and/or falsely exonerate accused police officers;
and

(ii)    encourage and/or fail to discipline officers for "testifying" and/or fabricating
false evidence to initiate and continue the malicious prosecution of civilians
in order to cover-up civil right violations perpetrated by themselves or
fellow officers, supervisors and/or subordinates against those civilians; and

(c)    The City of New York, The New York City Police Department and The New York City Department of Homeless Services Police Department with the knowledge, approval and encouragement of Police Commissioners, fail to properly train, supervise and/or discipline officers concerning the constitutional rights of individuals in their care and custody.

155.    Each of the Defendants' Departments established a custom, policy and/or practice of encouraging, approving and/or tolerating their police officers' use of excessive force and acts of misconduct against civilians, especially those civilians who are minorities and subsequent attempts to conceal such actions by failing to adequately train, supervise and discipline its agents, employees and officers.

156.    Each of the Defendants were deliberately indifferent to the use of improper procedures in the detention and arrest of civilians, especially those civilians who are minorities and established a custom, policy and/or practice of encouraging, approving and/or tolerating the use of said improper procedures by the New York City Police Department and The New York City Department of Homeless Services Police Department and subsequent attempts to conceal such actions by failing to adequately train, supervise and discipline its agents, employees and officers.

157.    The defendants' actions were undertaken under color of law and would not have existed but for said defendants' use of their official power.

158.    The supervisors and policy making officers of each of the defendants, as a matter of policy, were deliberately indifferent to said practices and have failed to take steps to terminate the above detailed practices and have failed to discipline or otherwise properly supervise the individuals engaged in such practices.

159.    Each of the Defendants have failed to properly or effectively train their agents, servants and/or employees with regard to proper constitutional and statutory limits on the exercise

18

of their authority, and such failures continue to this day.

160.   Defendants have sanctioned the policy and practices heretofore described through its deliberate indifference to the effect of such policy and practices upon the constitutional rights of plaintiff and others similarly situated.

161.   The Defendants' motivations were in contravention of the United States Constitution and the Constitution of the State of New York.

162.   The City of New York and The New York City Department of Homeless Services Police Department had a policy of encouraging abuse and assaults or of ratifying same by systemic deficiencies in disciplining officers or in the investigation of complaints against such officers.

163.   The foregoing acts, inaction, omissions and systemic failures are customs and policies of the municipal defendants which have caused its police officers to believe that the determination of the right to use force and the amount of allowable legal force was within their discretion and that complaints of the use of excessive force would not be honestly or properly investigated, with the foreseeable result that officers would be likely to use improper force.

164.   The existence of the foregoing unlawful de facto policies and/or well-settled and widespread customs and practices is known to, encouraged and/or condoned by supervisory and policy making officers and officials of each of the Departments.

165.   Despite knowledge of such unlawful de facto policies, practices and/or customs, these supervisory and policy making officers and officials of The City of New York and The New York City Department of Homeless Services Police Department including its Commissioners, have not taken steps to terminate these policies, practices and/or customs, do not discipline individuals who engage in such policies, practices and/or customs or otherwise properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority and ratify these policies, practices and/or customs through their active encouragement of, deliberate indifference to and/or reckless disregard of the effect of said policies, practices and/or custom upon

the constitutional rights of persons in their care and custody.

166.    As a result of the aforesaid violation of Plaintiff's rights, he sustained injuries and damages previously described in this complaint.

167.    As a direct and proximate result of the aforesaid acts, inaction, omissions and systemic failures the individually named officers used excessive force against the plaintiff.

168.    By reason of the aforementioned the Plaintiff suffered physical damages, great mental anguish and was deprived of his constitutional rights.

<u>AS AND FOR A SEVENTH CAUSE OF ACTION</u>
<u>FOR VIOLATION OF 42 U.S.C. SECTION 1985(3)</u>

169.    Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

170.    The Defendants are liable under 42 U.S.C. Section 1985 (3) for conspiring to violate plaintiff's rights guaranteed by the aforementioned amendments to the United States Constitution.

171.    The aforementioned defendant officers conspired, planned and agreed to treat plaintiff in the manner previously described for the purpose of depriving him, either directly or indirectly, of equal protection of the laws and/or of equal privileges and immunities under the United States Constitution and the New York Constitution.

172.    The actions and conduct taken against the plaintiff was done in furtherance of their conspiracy.

173.    As a result the plaintiff suffered physical injury, emotional harm, was subject to cruel and unusual punishment in violation of the 8th and 14th Amendments to the United States Constitution and was deprived of his constitutional rights as previously described.

174.    The defendants' conspiracy was motivated by plaintiff's race and his level of poverty.

175.     Following this incident Sergeant Robinson and Police Officer Diaz falsely reported what actually occurred to their supervisors.

176.     The events described by Police Officer Diaz and Sergeant Robinson was contradicted by a video taken of the events.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## FOR FAILURE TO INTERVENE – FOURTH AMENDMENT – 42 U.S.C. SECTION 1983

177.     Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

178.     Members of each Police Department have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the police department employing unjustified and excessive force against a civilian or an arrestee.

179.     There were several unknown and yet to be named Police Officers that were present while the plaintiff was being assaulted, battered and subject to the use of excessive force.

180.     The use of force against the plaintiff was obviously excessive and unjustified under the circumstances yet the other officers present failed to take any action or make any effort to intervene, halt or protect the plaintiff from being physically brutalized.

181.     Defendant's violation of plaintiff's constitutional rights by failing to intervene in the clearly unconstitutional use of force against the plaintiff resulted in the injuries and damages set forth above.

## AS AND FOR A NINTH CAUSE OF ACTION
## NEW YORK STATE CONSTITUTIONAL VIOLATIONS

182.     Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs.

183.    The aforementioned conduct of the named and unnamed officers violated the protections guaranteed to the plaintiff by the New York State Constitution, Article 1, Sections 6, 8, 11 and 12 including but not limited to the right to be free from unreasonable seizure of their person, including excessive force.

184.    Defendants' deprivation of plaintiff's rights under the New York State Constitution resulted in the injuries and damages suffered by the plaintiff.

**AS AND FOR A TENTH CAUSE OF ACTION**
**NEGLIGENCE**

185.    Plaintiff repeats each and every allegation contained in the preceding paragraphs.

186.    Each of the named defendants, their agents, servants or employees acted negligently, carelessly and recklessly in the care and treatment given to the plaintiff while he was a resident at this shelter.

187.    Each of the named Defendants failed to provide proper and reasonable security to the residents at this shelter.

188.    Each of the named Defendants failed to supervise the conduct and actions of its employees, it's guests and its police officers at this shelter.

189.    The negligent actions of the named defendants directly and proximately caused plaintiff's injuries and damages as set forth above.

190.    The Defendants' negligence was a proximate cause of plaintiff's damages.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
**NEGLIGENT RETENTION AND HIRING**

191.    Plaintiff repeats each and every allegation contained in the preceding paragraphs.

192.    The aforesaid occurrences took place by reason of the Municipal Defendants, negligent training of the aforesaid Police Officers.

22

193.     The aforesaid occurrences took place by reason of the Municipal Defendants' negligent hiring and retention of the aforesaid police officers.

194.     The Municipal defendants, their agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who were abusive or who acted intentionally and/or recklessly toward the public. The Defendants were further negligent in failing to discipline or retain these officers.

195.     By reason of the foregoing the plaintiff was seriously injured.

196.     The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in supervising and/or disciplining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who were abusive, or who acted intentionally and/or recklessly toward the public.

## AS AND FOR A TWELTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

197.     Plaintiff repeats each and every allegation contained in the preceding paragraphs.

198.     The actions of Police Officer Diaz and Sergeant Robinson in assaulting and battering the plaintiff were outrageous and beyond any norms acceptable to society.

199.     The individually named Defendants acted with the desire and intent to cause plaintiff emotional distress, or acted under circumstances known to them which made it substantially certain that they would cause such emotional distress.

200.     Defendants acted with utter disregard of the consequences of their actions.

201.     As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint, including intentional infliction of emotional distress.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

202.   Plaintiff repeats each and every allegation contained in the preceding paragraphs.

203.   The individually named police officers and John Doe officers, by their aforementioned acts, did negligently cause plaintiff to suffer mental and emotional distress.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
### RESPONDEAT SUPERIOR

204.   Plaintiff repeats each and every allegation contained in the preceding paragraphs.

205.   The Municipal Defendants are vicariously responsible for the actions of the individual defendants under the doctrine of Respondeat Superior.

### PUNITIVE DAMAGES

206.   Plaintiff will be seeking punitive damages against each of the named police officers.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all defendants:

   (a)   5,000,000.00 on his first cause of action;

   (b)   5,000,000.00 on his second cause of action;

   (c)   5,000,000.00 on his third cause of action;

   (d)   5,000,000.00 on his fourth cause of action;

   (e)   1,000,000.00 on his fifth cause of action;

   (f)   2,500,000.00 on his sixth cause of action;

   (g)   5,000,000.00 on his seventh cause of action;

   (h)   1,000,000.00 on his eighth cause of action;

   (i)   2,500,000.00 on his tenth cause of action;

(j)     2,500,000.00 on his eleventh cause of action;

(k)     5,000,000.00 in punitive damages against each police officer;


(a)     A declaration that Defendants violated plaintiff's Federal Civil Rights;

(b)     Compensatory damages for the physical and emotional injuries suffered by plaintiff by reason of defendants unlawful and unjustified conduct, in an amount just and reasonable and in conformity with the evidence at trial;

(c)     Punitive damages against the individual defendants;

(d)     Attorneys fees;

(e)     The costs and disbursements of this action; and

(f)     For such other, further and different relief as is just and proper under the circumstances.

Dated:     New York, New York
           December 21, 2015

                        Yours, etc.

                        JOHN J. NONNENMACHER, ESQ. (JN0007)
                        BADER, YAKAITIS & NONNENMACHER, LLP
                        Attorneys for Plaintiff
                        1430 Broadway, Suite 1802
                        New York, New York 10018
                        (212) 465-1110
                        Jnonnenmacher@bynlaw.com